UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>                              Plaintiff,<br>v.<br>DANIEL KLEIN,<br>                              Defendant. | Case No.: 18-cv-0429-WQH-JMA<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss (ECF No. 12), Motion for Misjoinder (ECF No. 13), and Motion for Sanctions (ECF No. 14) filed by Defendant Daniel Klein.

**I.    Motion to Dismiss**

On February 26, 2018, Plaintiff Anton Ewing initiated this action by filing a Complaint against Daniel Klein, Kyle Readdick, and Synergy Direct Solution, LLC ("Synergy") (ECF No. 1). On March 30, 2018, Klein filed the Motion to Dismiss (ECF No. 13). On April 23, 2018, Ewing filed a Response in Opposition to Defendant Klein's Motion to Dismiss. (ECF No. 16). On April 30, 2018, Klein filed a Reply in Support of the Motion to Dismiss. (ECF No. 18). On May 21, 2018, the Court granted a Joint Motion to Dismiss Readdick and Synergy. (ECF No. 41).

### A. Allegations

The Complaint alleges that Klein sent Ewing a number of emails. Compl. at ¶¶ 10–13, 14, 16–20. The Complaint alleges that these emails "threaten[ed] Plaintiff with criminal action by threatening to contact the FBI, San Diego County District Attorney and/or the San Diego Police." *Id.* at ¶ 42. The Complaint alleges that at least one of Klein's emails stated that he would carry out his threats unless Ewing paid Klein $2,000 and dismissed *Ewing v. K2 Property Development, LLC et al.*, 16-cv-0678, a civil lawsuit currently pending before another judge in this district court in which Klein is named as a defendant (the "K2 Action"). *Id.* at ¶ 14.

Ewing brings a claim against Klein for RICO conspiracy. *Id.* at ¶¶ 92–102. The Complaint alleges that "[t]he enterprise is the combination of [Klein, Readdick, and Synergy]." *Id.* at ¶ 93. The Complaint alleges that Klein "made express and intentional threats directly at Plaintiff that were within the course and scope of the racketeering enterprise's operations" and "engaged in the fraudulent use of the wires to threaten and extort Plaintiff into handing over money or property." *Id.* The Complaint alleges that

> Plaintiff has been injured in his business and property as a direct and proximate cause of Defendants willful violations of California law as described above, which is the pattern of racketeering activity. Plaintiff business has suffered a significant economic downturn as a direct and proximate cause of Defendant's racketeering activities as described herein. Plaintiff has lost money and revenues that could have been earned but for Defendants racketeering activity.

*Id.* at ¶ 94.

Ewing also brings claims for violations of 47 U.S.C. § 227 and California Penal Code §§ 632 and 637.2 related to telephone communications. Compl. at ¶¶ 82–91, 103–113. The allegations supporting those claims refer generally to "Defendants." *See id.*; *but see id.* at ¶ 13 ("Khan is and was Klein's business partner in Klein's telemarketing scam operation."). The Complaint alleges a number of facts related to telephone

communications made or directed by Readdick and/or Synergy. *See id.* at ¶¶ 3–4, 23, 25–27, 29, 32–39.[1]

B. **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 8(a)(2) provides "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and

---

[1] The Complaint does not state a claim against Klein for violating 47 U.S.C. § 227, California Penal Code § 632, or California Penal Code § 637.2. *See* ECF No. 16 (contending that Ewing has stated a claim against Klein for RICO conspiracy, not violations of 47 U.S.C. § 227, California Penal Code § 632, or California Penal Code § 637.22).

reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

### C. Discussion

Klein contends that the Complaint should be dismissed because the allegations concerning Ewing's injuries "are conclusory and mere recitations of the elements of a RICO injury and fail to provide sufficient facts to support an alleged injury caused by the alleged illegal conduct." ECF No. 12 at 8 (citing *Twombly,* 550 U.S. at 555). Ewing contends that Klein's argument fails because the Motion to Dismiss was brought under Rule 12(b)(6) for failure to state a claim, not under Rule 12(b)(1) for lack of jurisdiction. (ECF No. 16 at 6).

"Because standing . . . pertain[s] to a federal court's subject-matter jurisdiction under Article III, [it is] properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). However, federal courts can address issues concerning standing on their own initiative at any time. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The Court finds that it is appropriate to address whether Ewing has adequately alleged facts that give him standing to pursue his RICO claim, based upon the parties' thorough briefing on the issue. *See* ECF No. 12 at 8–9; ECF No. 16 at 7–8.

RICO prohibits conducting the affairs of certain enterprises through a pattern of racketeering activity. 18 U.S.C § 1962(c). Any person "injured in his business or property" by conduct prohibited by RICO may bring a civil action in federal district court. *Id.* at § 1964(c). To survive a motion to dismiss a civil RICO action, a plaintiff must allege that he or she suffered a "concrete financial loss" and that the "racketeering activity proximately caused the loss." *Guerrero v. Gates*, 442 F.3d 697, 707 (9th Cir. 2006) (quoting *Chaset v. Fleer/Skybox Int'l, LP*, 300 F.3d 1083, 1087 (9th Cir. 2002)).

Ewing alleges that he "has been injured in his business and property as a direct and proximate cause of Defendants['] . . . racketeering activity," "has suffered a significant economic downturn as a direct and proximate [result] of Defendants['] racketeering activities," and "has lost money and revenues that could have been earned but for Defendants racketeering activity." Compl. at ¶ 94. The Court finds that these allegations are conclusory and amount to a formulaic recitation of some of the elements of a RICO cause of action. *Twombly*, 550 U.S. at 555. The Court concludes that Ewing has not adequately alleged facts that support a racketeering activity that caused him a concrete financial loss, and that Ewing does not have standing to bring his claim against Klein for RICO conspiracy. *See Guerrero*, 442 F.3d at 707 (quoting *Chaset*, 300 F.3d at 1087); *see also Osgood v. Main Streat Mktg., LLC*, No. 16CV2415-GPC(BGS), 2017 WL 131829, at *8 (S.D. Cal. Jan. 13, 2017) (concluding, on similar allegations, that "because Plaintiffs fail to sufficiently allege an injury, the allegations in the FAC are insufficient to support the claim that the 'racketeering activity proximately caused the loss'").

## II.  Motion for Misjoinder

On March 30, 2018, Klein filed the Motion for Misjoinder (ECF No. 13). Klein contends that he "should be dropped from the instant action, or the claims against him should be severed, because there is no allegation of, or any factual basis for[,] alleging a connection between Klein and the other defendants with respect to Plaintiff's RICO claim." *Id.* at 3. On May 21, 2018, the Court issued an Order dismissing the claims against Readdick and Synergy (ECF No. 41). Accordingly, Klein's Motion for Misjoinder (ECF No. 13) is moot.

## III.  Motion for Sanctions

On March 30, 2018, Klein filed the Motion for Sanctions (ECF No. 14). On May 7, 2018, Ewing filed a Response in Opposition to the Motion for Sanctions. (ECF No. 24). On May 11, 2018, Klein filed a Reply in Support of the Motion for Sanctions. (ECF No. 27).

Klein contends that Ewing should be sanctioned because "[t]his action was brought by Plaintiff for an improper purpose, which is to harass Klein in retaliation of and for Plaintiff's dissatisfaction with the fact Klein hasn't paid to settle [the K2 Action]." (ECF No. 14 at 5). Klein also contends that Ewing should be sanctioned because the Complaint is frivolous. *Id.* at 7–10. Klein contends that the Complaint is frivolous because (1) Ewing "admits that Klein did not conspire with the other named defendants," *id.* at 2; (2) the emails sent by Klein relate to the K2 Action and "certainly [d]o not rise to the level of a RICO violation," *id.* at 8; (3) the emails did not occur over a substantial period of time and therefore do not amount to a pattern of racketeering activity, ECF No. 27 at 2 (citing *H.J. Inc. v. Northwestern Bell,* 492 U.S. 229, 240 (1989)); and (4) Ewing "does not allege facts to demonstrate the existence of an enterprise," *id.* at 3.

Ewing asserts that he "has not filed this lawsuit against Klein for any improper purpose or to harass Mr. Klein." ECF No. 24 at 5 (citing Declaration of Anton Ewing, ECF No. 24-1, at ¶ 4 ("I have not filed this action to harass or annoy Klein.")). Ewing asserts that Klein conspired with Socher and Khan. *Id.* at 4. Ewing contends that the fact that the emails relate to the K2 Action does not render the complaint frivolous. *Id.* at 6. Ewing contends that Klein's emails amount to a violation of RICO. *Id.* at 8. Ewing contends that the Court "should exercise [] extreme caution" before imposing sanctions "[a]t this extremely early stage in the litigation, Klein not even having filed an Answer nor any discovery or disclosure taken place." *Id.* at 11.

Federal Rule of Civil Procedure 11(b) provides that,

> [b]y presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass . . .;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; [and]

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. . . .

Rule 11(c) gives courts the discretion to sanction parties that violate Rule 11(b). Fed. R. Civ. P. 11(c). As the Court of Appeals has stated,

> When, as here, a 'complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it.'

*Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (quoting *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002)).

The Court finds that Klein has not established that the Complaint is frivolous or factually baseless. Klein has not established that the Complaint is legally baseless considering the complex nature of the RICO statute and Ewing's status as a pro se litigant. *See 3BA Int'l LLC v. Lubahn*, No. C10-829RAJ, 2012 WL 2317563, at *7 (W.D. Wash. June 18, 2012) ("A civil RICO claim is among the most complicated of federal statutory claims."); *Bhambra v. Port of Oakland*, No. C 08-05326 CRB, 2009 WL 10694600, at *7 (N.D. Cal. Mar. 23, 2009) ("opt[ing] to take a more lenient approach to [pro se plaintiffs'] pleadings," and denying a motion for sanctions, despite plaintiffs' "specious" RICO claim). The Court also finds that, at this point in the litigation, Klein has not established that Ewing filed the Complaint to harass Klein. *See* Ewing Decl. at ¶ 4.[2]

---

[2] Klein's Requests for Judicial Notice (ECF Nos. 15, 46) are granted. The Court takes judicial notice of the docket in the K2 Action (ECF No. 15-1). The Court also takes judicial notice of the Order issued in the K2 Action (1) stating that Ewing's motions to not use email and motion for contempt filed in that case "appear frivolous," (2) stating that Ewing's motion for contempt filed in that case "appears to be brought for an improper purpose," and (3) ordering Ewing to appear to show cause why he should not be sanctioned. (ECF No. 46-1 at 9–10). The Court finds that, at this point in the litigation, Klein has not established that the Complaint in this action is frivolous or was filed for an improper purpose.

## IV. Conclusion

The Motion to Dismiss (ECF No. 12) is GRANTED. Ewing's claims against Klein are DISMISSED without prejudice and with leave to file a motion to amend on or before September 14, 2018.[3] The Motion for Misjoinder (ECF No. 13) and Motion for Sanctions (ECF No. 14) are DENIED.

Dated: August 14, 2018

Hon. William Q. Hayes
United States District Court

---

[3] Klein's Motion to Dismiss asks the Court to dismiss Ewing's claim against Klein with prejudice, but does not include a basis to conclude that dismissal with prejudice is warranted. *See* ECF No. 12. The Court finds that Klein has not established that any amendment concerning Ewing's alleged injuries would be futile, and declines to address the merits of Ewing's claims. *See* Section I.C.

8