UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ANTON EWING,

                Plaintiff,

v.

DANIEL KLEIN,

                Defendant.

Case No.: 18-cv-0429-WQH-LL

**ORDER**

HAYES, Judge:

    The matter before the Court is the Motion to File a First Amended Complaint filed by Plaintiff Anton Ewing. (ECF No. 50).

**I.    Background**

    On August 14, 2018, the Court granted Defendant Daniel Klein's Motion to Dismiss and dismissed the complaint without prejudice. (ECF No. 47). In dismissing Plaintiff's complaint, the Court found:

> Ewing alleges that he "has been injured in his business and property as a direct and proximate cause of Defendants['] . . . racketeering activity," "has suffered a significant economic downturn as a direct and proximate [result] of Defendants['] racketeering activities," and "has lost money and revenues that could have been earned but for Defendants racketeering activity." Compl. at ¶ 94. The Court finds that these allegations are conclusory and amount to a formulaic recitation of some of the elements of a RICO cause of action. *Twombly*, 550 U.S. at 555. The Court concludes that Ewing has not

1

18-cv-0429-WQH-LL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ANTON EWING,

                Plaintiff,

v.

DANIEL KLEIN,

                Defendant.

Case No.: 18-cv-0429-WQH-LL

**ORDER**

HAYES, Judge:

    The matter before the Court is the Motion to File a First Amended Complaint filed by Plaintiff Anton Ewing. (ECF No. 50).

**I.    Background**

    On August 14, 2018, the Court granted Defendant Daniel Klein's Motion to Dismiss and dismissed the complaint without prejudice. (ECF No. 47). In dismissing Plaintiff's complaint, the Court found:

> Ewing alleges that he "has been injured in his business and property as a direct and proximate cause of Defendants['] . . . racketeering activity," "has suffered a significant economic downturn as a direct and proximate [result] of Defendants['] racketeering activities," and "has lost money and revenues that could have been earned but for Defendants racketeering activity." Compl. at ¶ 94. The Court finds that these allegations are conclusory and amount to a formulaic recitation of some of the elements of a RICO cause of action. *Twombly*, 550 U.S. at 555. The Court concludes that Ewing has not

adequately alleged facts that support a racketeering activity that caused him a concrete financial loss, and that Ewing does not have standing to bring his claim against Klein for RICO conspiracy.

*Id.* at 5. On August 30, 2018, Plaintiff filed a Motion to File a First Amended Complaint. (ECF No. 50). On September 24, 2018, Defendant filed Opposition to Plaintiff's Motion to Amend. (ECF No. 51). On October 3, 2018, Plaintiff filed a Reply. (ECF No. 52).

## II. Proposed First Amended Complaint

Plaintiff contends that his proposed "FAC comports with rules and rectifies the deficiencies noted in the original complaint." (ECF No. 50 at 4). With respect to establishing a concrete financial loss caused by Defendant's alleged illegal activities, Plaintiff alleges in the proposed FAC that,

> Plaintiff charge's [sic] clients $75 per hour for tax preparation work. Each hour that Plaintiff could not work cost Plaintiff $75 in lost income. The exact method and manner in which this predicate act negatively impacted Plaintiff business and property is as follows: Klein made the blackmail threats via email which constitutes the use of the wires, the threats caused Plaintiff to panic, lose sleep and require mental health treatment which in fact Plaintiff sought and obtained. During this entire time in 2016, 2017 and 2018, Plaintiff was unable to work diligently on his client's tax returns to earn money in his business. Plaintiff's business was harmed. The revenues of Plaintiff's business decreased substantially. Plaintiff's business was not profitable during this time when it was in fact profitable prior to Klein's onslaught of blackmail. Plaintiff has reports and documented meetings with a Ph.D. psychologist and MD psychiatrist to prove mental anguish and suffering. These facts cannot be made up. They happened. They are documented.

(Proposed FAC, ECF No. 50-1 ¶ 7). Plaintiff further alleges in the proposed FAC,

> On the days that Plaintiff received each of Defendant's threatening and extortionate emails, Plaintiff was unable to meet with tax clients, which thereby cost Plaintiff to lose out on $225 in revenue for each client and a permanent loss of an otherwise good clients. In other words, the injury is ongoing and continuing. Each client loss is also lost future income, year after year, for tax preparation.

*Id.* ¶ 8.

Klein in fact took $2,000 on February 22, 2018 out of Plaintiff's bank account.

> This is a real, tangible injury to property. $2,000 is concrete and not de minimis, illusory or precatory. Plaintiff deposited the $2,000 check at his bank and Klein went to Wells Fargo Bank to stop payment by fraudulently informing Wells Fargo that the check was lost. Klein was being dishonest and in fact engaged in bank fraud by making false official and material statements to a federal financial institution. Klein used Wells Fargo as the enterprise to commit this wrongful predicate act. In fact, Klein has taken actual property from Plaintiff. This is concrete injury and it is directly related to the predicate acts. Plaintiff also suffered fees and charges for the bounced check in the amount of $19. The $2019 is and was undeniably concrete injury in fact. Plaintiff had the money and then it was taken from Plaintiff by Klein.

*Id.* ¶ 9.

> To be clear, Plaintiff is expressly alleging that Klein's acts of extortion, obstruction of justice, and wire fraud all directly and significantly impacted Plaintiff's business and property by costing Plaintiff money. Plaintiff is entitled to business relations with his clients unhampered by Klein's schemes which prohibited and obstructed Plaintiff in his business. Klein's predicate acts as alleged herein have caused an intentional interference with Plaintiff's contracts with Plaintiff's clients and a substantial interference with Plaintiff's prospective business relations with Plaintiff's clients. Moreover, if Klein actually carried out his extortionate threat to put Plaintiff in jail, then Plaintiff "could not fulfill his employment contract or pursue valuable employment opportunities because he" (Diaz v. Gates, 420 F.3d 897, 900 (9th Cir. 2005)) would have been incarcerated.

*Id.* ¶ 13.

> Ever since Klein began his onslaught of extortion and threats, Plaintiff has had to seek, and in fact has had, to regularly attend counseling for the extreme stress that has been put upon him by Klein. Plaintiff can provide documentation of regular and continuous visits with a psychologist and psychiatrist for the emotional and mental upset caused by Klein's racketeering activities. The stress and emotional upset has caused, directly and proximately, Plaintiff's business to take a marked and significant downturn. Plaintiff's business has suffered a drastic decrease in revenue because Klein has caused, directly, through Klein's fraudulent use of the wires (namely his cell phone and emails), severe emotional upset to Plaintiff by Klein's extortion and threats to put Plaintiff in jail. Plaintiff has not been able to work effectively or as efficiently as before Klein's acts of extortion. Since Plaintiff could not work, and had to seek mental, emotional and psychological therapy and counselling, his business and property have been injured. Plaintiff used to

> be able to earn enough income in this business, before Klein's racketeering acts described above, sufficient to maintain a reasonable lifestyle. Now, since Klein's extortion and threats, Plaintiff has not been able to devote the time, effort and energy needed to maintain the business, to keep up with continuing education, to market for new clients, or to meet the needs of existing clients. The evidence of this is clear, convincing and compelling.

*Id.* ¶ 27.

Defendant contends that Plaintiff's proposed amended complaint is futile because "Plaintiff's amended complaint has not adequately alleged facts that support a racketeering activity that cause him financial loss, and, accordingly, Plaintiff does not have standing to bring his claim against Defendant for RICO conspiracy." (ECF No. 51 at 2). Defendant contends that Plaintiff's admissions in a related proceeding[1] "contradict[] Plaintiff's allegations in the [c]omplaint and in his opposition that he sustained injury to his business" and "it conclusively follows that Plaintiff does not have standing to bring his civil action against Klein." (ECF No. 51 at 4–5). Defendant also contends that Plaintiff has failed to provide any facts to establish his extortion claim because "Plaintiff makes no argument and fails to allege any facts in his Proposed Amended Complaint that support a finding that Defendant actually obtained money or property from Plaintiff." *Id.* at 6.

Plaintiff contends that he "is not an employee with a W-2 job and does not have a boss" and asserts that he has suffered an injury to his to his tax preparation business, which he operates as a sole proprietorship. (ECF No. 52 at 3); *see* Ewing Decl., ECF No. 50-2 ¶ 26 ("[W]hen Klein stated he was going to contact the FBI I could not sleep or work for days after each incident. I was forced to cancel appointments with clients and could not earn money during those times as a result of Klein's threats."); Proposed FAC, ECF No.

---

[1] Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (citation omitted). Defendant's request for judicial notice of Plaintiff's Notice of Appeal of Magistrate Judge (ECF No. 145) in *Ewing v. K2 Property Development, LLC*, 16-cv-678-LAB is granted. In *Ewing v. K2 Property Development, LLC*, Plaintiff asserted that he "is unemployed and has not been able to find a regular job for several years," "has lost his CPA license," and "does not have the income or assets to pay $2214 and imposition would render a serious financial hardship and be unjust under the circumstances." (ECF No. 51-2 at 9–10).

50-1 ¶ 19 (Plaintiff alleging that Defendant's calls and emails have left him "even to this day . . . shaken to the core.").

### III. Legal Standard

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052. "[T]he grant or denial of an opportunity to amend is within the discretion of the District Court . . . ." *Foman*, 371 U.S. at 182. "[W]e have held that a district court does not abuse its discretion in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)*; see also Boehm v. Shemaria*, 478 Fed. App'x. 457, 457 (9th Cir. 2012). "[L]eave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express,*

*Inc.*, 885 F.2d 531, 538 (9th Cir. 1989); *Carrico v. City & Cty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011); *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002).

## IV. Discussion

In this case, Plaintiff alleges that "[t]he stress and emotional upset has caused, directly and proximately, Plaintiff's business to take a marked and significant downturn. Plaintiff's business has suffered a drastic decrease in revenue because Klein has caused, directly, through Klein's fraudulent use of the wires (namely his cell phone and emails), severe emotional upset to Plaintiff . . . . " (Proposed FAC, ECF No. 50-1 ¶ 27). Loss of revenue to a sole proprietorship is an injury cognizable under RICO. *Diaz v. Gates*, 420 F.3d 897, 905 (9th Cir. 2005) (Reinhardt, J., concurring) ("[A] sole proprietor of a service business unquestionably runs a 'business'."). Plaintiff has not, however, provided any facts to establish that Plaintiff's business lost clients, and Plaintiff has not provided sufficient factual evidence to establish a plausible claim that any alleged loss in revenue was caused by Defendant's actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."). Consequently, Plaintiff's allegations of harm to Plaintiff's business caused by Defendant's emails and calls would not survive a 12(b)(6) motion to dismiss. *Id.* ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Twombly*, 550 U.S. at 570).

Plaintiff's remaining alleged predicate offenses are "bank fraud by making false official and material statements to a federal financial institution" in connection with a $2,000 cashier's check from Defendant that Defendant canceled after Plaintiff informed

him that he would not be cashing the check,[2] ECF No. 50 ¶¶ 5–6, and "obstruction of justice in a federal matter" in connection with statements Defendant made regarding the scheduling of a deposition, *id.* ¶ 4. Plaintiff alleges that he has standing under RICO because his tax preparation business suffered a financial injury when he could not work because he was experiencing emotional distress caused by various phone calls and emails sent by Defendant—not as a result of the alleged bank fraud or obstruction of justice. Thus, even if Plaintiff had plausibly stated claims for bank fraud and obstruction of justice, Plaintiff has failed to plausibly allege that "the conduct constituting the violation both directly and proximately caused the alleged injury." *Resolution Tr. Corp. v. Keating*, 186 F.3d 1110, 1117 (9th Cir. 1999). Plaintiff has failed to establish a RICO claim that would survive a 12(b)(6) motion to dismiss.

## V. Conclusion

The Court finds that Plaintiff's proposed FAC would be futile because the proposed FAC would be dismissed on a 12(b)(6) motion to dismiss. *See Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) ("Leave may be denied if amendment of the complaint would be futile."). Having reviewed two iterations of Plaintiff's complaint, the Court also finds that Plaintiff's RICO claim appears frivolous, and declines to grant Plaintiff further opportunity to amend.[3] IT IS HEREBY ORDERED that Plaintiff's Motion to File a First Amended Complaint (ECF No. 50-1) is DENIED. IT IS FURTHER ORDERED that this

---

[2] Defendant states that he tendered the $2,000 cashier's check to Plaintiff in connection with a settlement agreement in *Ewing v. K2 Property Development, LLC*, but "placed a stop payment on the check with the issuing bank" once he "received an email from Plaintiff where he said he does not intend to deposit the check." (Klein Decl., ECF No. 51-3 ¶¶ 4–7). *See* Email from Pl. to Def., Klein Decl. Ex. A, ECF No. 51-4 at 2 (Plaintiff: "The new settlement that was put on the record with the Magistrate which expressly revoked the prior agreement that you seem to think is still valid . . . I have not accepted payment. I have not and do not intend to deposit the check."). Plaintiff has not plausibly alleged that he suffered an injury when Defendant canceled the cashier's check after Plaintiff informed him that he would not be cashing it.

[3] The Court is aware that Plaintiff is proceeding pro se and that pro se filings are generally held to less exacting standards than those filed by attorneys. The Court is also aware, however, that Plaintiff has alleged RICO claims in at least 12 separate actions filed in this district alone over the past five years and has significant experience with the statute.

7

action is dismissed with prejudice and the Clerk of Court shall enter judgment in favor of Defendant and close the case.

Dated: January 8, 2019

Hon. William Q. Hayes
United States District Court