UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTON EWING,<br><br>                             Plaintiff,<br>v.<br>DANIEL KLEIN,<br>                            Defendant. | Case No.: 18-cv-0429-WQH-LL<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Motion for Attorneys' Fees and Costs filed by Defendant Daniel Klein. (ECF No. 56).

**I.    Background**

    On February 26, 2018, Plaintiff filed the Complaint alleging claims under numerous statutes, including RICO, 18 U.S.C. § 1964, against Defendant Daniel Klein. On August 14, 2018, the Court dismissed the Complaint without prejudice. (ECF No. 47). On August 30, 2018, Plaintiff filed a Motion for Leave to Amend. On January 8, 2019, the Court denied leave to amend and dismissed the action with prejudice. (ECF No. 54). On January 14, 2019, Defendant filed a Motion for Attorney's Fees. (ECF No. 56). On January 28, 2019, Plaintiff filed Opposition. (ECF No. 57). On January 28, 2019, Defendant filed a Reply. (ECF No. 58).

//

## II. Contentions

Defendant contends that Plaintiff filed this action in bad faith and "unreasonably and vexatiously multiplied the proceedings in this action[.]" (ECF No. 56 at 4). Defendant contends Defendant is entitled to an award of attorneys' fees pursuant to 28 U.S.C. § 1927 and the Court's inherent authority.

Plaintiff contends that "[t]here was nothing willful, intentional or malicious about the filing of the motion for leave to file an FAC." (ECF No. 57 at 7). Plaintiff asserts that "[t]he cause of action should have been as civil extortion via Superior Court filing, not federal" and Plaintiff "humbly apologizes to the Court for taking up the Court's valuable time on this case with respect to Klein." *Id.*

## III. Legal Standard

Under Section 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Section 1927 is not applicable to the initial pleading. *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) ("We have twice expressly held that § 1927 cannot be applied to an initial pleading."). "Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith." *New Alaska Dev. Corp. v. Guetschow*, 869 F.2d 1298, 1306 (9th Cir. 1989). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument or argues a meritorious claim for the purpose of harassing an opponent." *Id.*

Under the Court's inherent authority, fee-based sanctions may be imposed "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, delaying or disrupting litigation, or has taken actions in the litigation for an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991). "[M]ere recklessness, without more, does not justify sanctions under a court's inherent power." *Id.* at 993–94. "[C]ounsel's conduct must "constitute[ ] or [be]

tantamount to bad faith." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d at 436 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 767 (1980)).

## IV. Ruling of the Court

Section 1927 sanctions are not applicable to the original complaint, *see In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d at 435, and Plaintiff was denied leave to file an amended complaint. Plaintiff filed a number of motions during the relatively short pendency of this action, but the Court does not find that Defendant has presented sufficient evidence that subsequent motions were filed in subjective bad faith. *See New Alaska Dev. Corp.*, 869 F.2d at 1306 ("Sanctions pursuant to section 1927 must be supported by a finding of subjective bad faith."). The Court declines to impose sanctions under Section 1927.

The Court dismissed Plaintiff's original complaint without prejudice because Plaintiff had not alleged sufficient facts to support a finding that Defendant's racketeering activity caused him a concrete financial loss. (ECF No. 47 at 5). After reviewing Plaintiff's proposed amended complaint, the Court denied leave to amend and dismissed with prejudice because Plaintiff failed to allege a plausible theory of causation or provide sufficient facts establishing a concrete financial loss. (ECF No. 54 at 6). The Court did not make a finding that Plaintiff filed the action in bad faith or acted in a way tantamount to bad faith. *See In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d at 436. The Court declines to award attorneys' fees under its inherent authority. *See United States v. Rico*, 619 F. App'x 595, 601 (9th Cir. 2015) ("sanctions should be reserved for the 'rare and exceptional case'"); *Cf. Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1008 (9th Cir. 2015) (exercising the court's discretion not to sanction a party who filed a frivolous appeal under Fed. R. App. P. 38 and noting that "a finding of frivolousness does not automatically result in sanctions").

//
//
//
//

3

18-cv-0429-WQH-LL

V.   Conclusion

The Motion for Attorneys' Fees and Costs filed by Defendant Daniel Klein (ECF No. 56) is DENIED.

Dated: April 24, 2019

Hon. William Q. Hayes
United States District Court